DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Terry Smith, appeals from a judgment of the Summit County Court of Common Pleas, which excluded certain evidence from her civil trial against Appellee, Chad Fry. We affirm.
 I. {¶ 2} Ms. Smith and Mr. Fry were involved in an automobile collision, from which Ms. Smith incurred some neck and back pain. Ms. Smith sought treatment from a chiropractor, and eventually sued Mr. Fry to recover damages. Mr. Fry did not contest liability and the case proceeded to trial on the issues of causation and damages. Prior to trial, Mr. Fry filed a motion in limine to prohibit testimony by a chiropractor on either causation or damages, and the court granted the motion. Ms. Smith objected to the motion when it was made and again at trial, but the court reaffirmed its prior decision and excluded the testimony. The jury rendered a defense verdict and the court entered judgment for Mr. Fry.
 {¶ 3} Ms. Smith has timely appealed to this Court, asserting three assignments of error. The assignments of error are consolidated to facilitate review.
 II. First Assignment of Error
"the trial court abused its discretion by not allowing appellant's chiropractor to give any causation testimony."
 Second Assignment of Error
"The trial court abused its discretion by not allowing appellant's chiropractor to testify that appellant's injuries were permanent."
 Third Assignment of Error
"Appellant was materially prejudiced by the trial court's exclusion of causation and permanency testimony by appellant's chiropractor."
 {¶ 4} Ms. Smith asserts that the trial court erred in excluding particular evidence which she sought to introduce at trial. Specifically, Ms. Smith contends that her chiropractor was improperly precluded from testifying as an expert on the causation and permanence of her injuries. We disagree.
 {¶ 5} A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 6} In deciding the motion in limine, the trial court initially ruled to prohibit the chiropractor's testimony as an expert in a July 24, 2003 judgment entry. Trial commenced almost a year later, on June 22, 2004. During those intervening eleven months, Ms. Smith had the opportunity to obtain an additional expert. Apparently, she chose not to. Ms. Smith did present her chiropractor's direct testimony regarding her condition and his treatment. She also presented the testimony of her treating physician, including his expert opinion regarding the causation of her injuries. Therefore, the court excluded only the chiropractor's proposed expert testimony regarding causation and the permanence of her injuries.
 {¶ 7} Because Ms. Smith did produce at least one expert, her treating physician, who was allowed to testify, and because she had almost a year to obtain an additional expert had she chosen to do so, we cannot conclude that the trial court abused its discretion in ruling to uphold its motion in limine and preclude the expert testimony of the particular chiropractor in question. The assignments of error are overruled.
 III. {¶ 8} Ms. Smith's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., concurs.